JUDGE RAKOFF

LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

**'08 CIV 3940**

Attorneys for Plaintiff
MS OCEAN VIEW SHIPPING, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

MS OCEAN VIEW SHIPPING, LLC,

                          Plaintiff,

         -against-

JS OCEAN LINE PTE LTD.,

                          Defendant.
----------------------------------------------------------------X

ECF CASE

RECEIVED
APR 2 8 2008
U.S.D.C. S.D. N.Y.
CASHIERS

08 Civ.

### VERIFIED COMPLAINT

Plaintiff MS OCEAN VIEW SHIPPING, LLC ("OCEAN"), by its attorneys, Lyons &

Flood, LLP, as and for its Verified Complaint against defendant, JS OCEAN LINE PTE LTD.

("JS OCEAN LINE"), alleges upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and the action falls within the Court's subject matter

jurisdiction pursuant to 28 USC §§ 1331 and 1333.  Subject matter jurisdiction also exists

because the action arises under the New York Convention on the Recognition and Enforcement

of Foreign Arbitral Awards at 9 USC § 201 et seq. and/or the Federal Arbitration Act, 9 USC § 1

et seq.

    2.    At all material times, plaintiff OCEAN was and still is a corporation organized

and existing under the laws of a foreign country, with an office and place of business in Dubai,

United Arab Emirates and was and is the owner of the M/V OCEAN FRONTIER ("the Vessel").

3.      Upon information and belief, defendant JS OCEAN LINE was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of business at 1 North Bridge Road #18-03 High Street Centre, Singapore, and was the charterer of the Vessel.

4.      By a time charter dated February 22, 2007 (the "Charter Party"), defendant JS OCEAN LINE chartered the Vessel from plaintiff OCEAN for a period of a minimum of seventy (70) and a maximum of one hundred and twenty-five (125) days in charterer's option.

5.      On March 16, 2007, plaintiff OCEAN delivered the Vessel to the delivery point named in the Charter Party.

6.      Under the Charter Party, defendant JS OCEAN LINE was required to pay plaintiff OCEAN hire payments at the rate of $11,000 per day, every fifteen (15) days.

7.      On or about May 7, 2007, defendant wrongfully, and in breach of the Charter Party, cancelled and repudiated the Charter Party without lawful reasons.

8.      Defendant JS OCEAN LINE has failed to pay the hire payments due and owing to plaintiff OCEAN, with damages amounting to approximately $193,640.31, as nearly as now can be calculated.

9.      Pursuant to Clause 17 of the Charter Party, disputes between plaintiff OCEAN and defendant JS OCEAN LINE are subject to English law and Singapore arbitration.

10.     Therefore, this action is in aid of arbitration in accordance with 9 USC § 8.

11.     Under English law, plaintiff would expect a Singapore arbitration tribunal to award interest on the principal amount awarded at a rate of approximately 8% per annum, compounded at three months rests.  Plaintiff has therefore calculated interest on the sums set

forth in paragraph ¶ 14 of the Verified Complaint herein based on that interest rate for a period of four years.

12.    Under English Law, plaintiff would expect a Singapore arbitration tribunal to award the legal costs of arbitration against defendant. These legal costs would include plaintiff's Singapore solicitor's fees, experts' fees, barristers' fees in relation to the arbitration hearing, costs associated with the arbitration hearing itself, and travel costs and expenses for witnesses attending the hearing.

13.    The defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, but upon information and belief, JS OCEAN LINE has, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court held in the hands of garnishees, which are believed to be due and owing to defendant JS OCEAN LINE.

14.    Plaintiff OCEAN hereby demands:

    (a)    Payment of $193,640.31 as security for the past due hire payment(s) due and owing to plaintiff under the Charter Party;

    (b)    Payment of $72,243.32 as security to cover interest on the amount in paragraph (a) above as recoverable under English Law. Plaintiff reserves the right to amend the demand herein in the event the amount in paragraph (a) above increases over time; and

    (c)    Payment of $378,261.52 as security to cover the legal costs in connection with the Singapore arbitration as recoverable under

English law. Plaintiff reserves the right to amend the demand in the event the legal costs increase over time.

**Total**       **$644,145.15**

WHEREFORE, plaintiff MS OCEAN VIEW SHIPPING, LLC prays that:

a.    process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against defendant citing it to appear and answer under oath all and singular the matters alleged;

b.    since defendant cannot be found within this District, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and the United States Arbitration Act, 9 USC §§ 1, 8 and 9, attaching all of the defendant's tangible or intangible property in this District or claimed by or being held for, belonging to, due or being transferred to, from, or for the benefit of defendant by any garnishees within this District, in the amount of $644,145.15 to secure the plaintiff OCEAN's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged;

c.    this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary;

d.    judgment be entered by this Court in favor of plaintiff and against defendant enforcing and recognizing any Singapore arbitration award(s) or judgment(s) that may be rendered on the claims set forth herein; and

e.    plaintiff has such other, further, and different relief as this Court may deem just and proper.

Dated: April 28, 2008

> LYONS & FLOOD, LLP
> Attorneys for Plaintiff
> MS OCEAN VIEW SHIPPING, LLC

By:    _____
Jon Werner (JW-5000)
Kirk M. Lyons (KL-1568)
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

U:\kmhldocs\2579008\Legal\Verified Complaint.doc

## VERIFICATION

Jon Werner, the undersigned, an attorney admitted to practice in this Court, state that I

am the attorney of record for plaintiff MS OCEAN VIEW SHIPPING, LLC, in the within action;

I have read the foregoing Verified Complaint and know the contents thereof; the same is true to

my knowledge based on documents in my file, except as to the matters therein stated to be

alleged on information and belief, and as to those matters I believe them to be true.

The reason this Verification is made by me and not an officer of plaintiff MS OCEAN

VIEW SHIPPING, LLC, is because there are no officers now present in this District.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on: April 28, 2008

_____
Jon Werner

U:\kmhldocs\2579008\Legal\Verified Complaint.docJ